**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RICHARD BURT,  )  3:08-CV-330-BES (RAM)
        Plaintiff, )
    vs. )  **REPORT AND RECOMMENDATION**
         )  **OF U.S. MAGISTRATE JUDGE**
MEGAN McCLELLAN, et al., )
        Defendants. )

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendant McClellan's Motion for Summary Judgment. (Doc. #42[1].) Plaintiff has failed to respond to Defendant's motion, and Defendant has submitted a reply. (Doc. #46.) After a thorough review, the court recommends that the motion be granted.

## I. BACKGROUND

This is an inmate civil rights complaint brought under 42 U.S.C. § 1983. At all relevant times, Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC) at the Lovelock Correctional Center (LCC). (Def.'s Mot. for Summ. J. 2 (Doc. #42).) Defendant was employed by the NDOC as the law library supervisor at the LCC. (*Id.* 2-3.) On March 25, 2008, at approximately 7:40 a.m., a verbal altercation occurred between Plaintiff and Defendant regarding Defendant's handling of Plaintiff's legal mail. (*Id.* 3.) Plaintiff objected to Defendant reading a portion of his mail as she was delivering it to him. (Pl.'s Compl. 3-A

---
[1] Refers to the court's docket number.

(Doc. #15).) The ensuing exchange became heated, and Defendant ordered Plaintiff to leave her office. (*Id*. 3-B.) Later that day, at 12:40 p.m., Plaintiff filed an informal grievance regarding the handling of his mail and the subsequent verbal altercation. (*Id*. Ex. A.) On March 26, 2008, at 12:39 p.m., Defendant submitted a disciplinary form charging Plaintiff with disobedience and threats. (Mot. Summ. J. Ex. D MSJ 017.) The grievance coordinator retrieved Plaintiff's grievance that same day at 12:45 p.m. (Compl. Ex. A.)

On June 13, 2008, Plaintiff filed a complaint *pro se* alleging 32 counts against 15 defendants. (Doc. # 15.) In a screening order issued October 24, 2008, the court dismissed Plaintiff's claims against all defendants except for a retaliation claim against Defendant McClellan (Doc. #14), which corresponds to Count VIII in Plaintiff's complaint (Compl. 6-F). Specifically, Plaintiff claims that Defendant submitted the disciplinary form to punish him for filing a grievance. (*Id*.)

## **II. LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id*. (citing Fed. R. Civ. P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi*, 84 F.3d at 1197. In doing so, the court must defer to the professional judgment of prison administrators when an inmate civil rights complaint is involved. *Beard v. Banks*, 548 U.S. 521, 526, 530, 126 S.Ct. 2572, 65 L.Ed.2d 697 (2006);

*Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### III. DISCUSSION

**1.   LOCAL RULES OF PRACTICE**

In her reply, Defendant urges the Court to grant summary judgment pursuant to Local Rules of Practice, LR 7-2(d), which provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." (Def.'s Reply 2 (Doc. #46).) Although LR 7-2(d) allows a court to grant a motion by virtue of a non-responsive party's consent, a district court may not grant an unopposed motion for summary judgment solely because the opposing party has failed to file an

opposition. *Henry v. Gill*, 983 F.2d 943, 950 (9th Cir. 1993); *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003). If the movant's papers are insufficient to support a motion for summary judgment, or on their face reveal a genuine issue of material fact, a district court acts erroneously when it grants a motion for summary judgment pursuant to a local rule such as LR 7-2(d). *Martinez*, 323 F.3d at 1182. "[A] non-moving party's failure to comply with local rules does not excuse the moving party's affirmative duty under [Fed. R. Civ. P. 56] to demonstrate its entitlement to judgment as a matter of law." *Id*. Without requiring the moving party to show the absence of a genuine issue of material fact, "we turn the summary judgment rule into a mere sanction for noncompliance with local rules." *Id*. Accordingly, the Court may not summarily grant Defendant's Motion for Summary Judgment, but must instead review the sufficiency of the motion to assess whether Defendant has met her burden under summary judgment standards. *Id*.

**2.   SUMMARY JUDGMENT FOR PLAINTIFF'S RETALIATION CLAIM**

Plaintiff alleges that Defendant submitted the disciplinary form in retaliation for his filing of a grievance. (Compl. 6-F.)

Defendant argues that she was unaware of Plaintiff's grievance and submitted the disciplinary form before the grievance coordinator retrieved the grievance. (Mot. Summ. J. 6.)

In order to prove a claim for retaliation, an inmate plaintiff must (1) assert "that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005).

Defendant provides evidence negating any causal connection between Plaintiff's protected conduct and the alleged adverse action by Defendant based on the timing of those events. (Mot. Summ. J. 6.) Defendant submitted the disciplinary form on March 26, 2008 at 12:39 p.m. – six minutes before Plaintiff's grievance was retrieved by the grievance coordinator at 12:45 p.m. *Id*. She also provides evidence that the disciplinary charges filed against Plaintiff

4

had a penological purpose because they were in response to Plaintiff's violation of the prison rules when he aggressively confronted Defendant and refused to leave her office. (*Id.* at 6-7.) Although Plaintiff alleges in his complaint that Defendant was aware of his grievance before he filed it because he sent it to the law library to be copied, Plaintiff supplies no evidence in support of this allegation. (Compl. 3-D).

Plaintiff has failed to provide any evidence supporting his claim that Defendant retaliated against him for filing a grievance. As the moving party, Defendant has met her burden in putting forth evidence showing the absence of a genuine issue of material fact. Because Plaintiff, as the non-movant, has failed to produce evidence as to an essential element of his case, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion for Summary Judgment (Doc. #42).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: August 26, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

5